UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,


                                   Plaintiff,

                                                              DECISION AND ORDER

                                                              06-CR-6024L


                    v.

ALGERNON TOOLE,


                                   Defendant.
_____


        Defendant Algernon Toole ("Toole") filed a motion to sever (Dkt. #155) on the grounds that

the Government intends to utilize an inculpatory statement of a co-defendant.  Toole contends that

this violates the Supreme Court's decision in *Bruton v. United States,* 391 U.S. 123 (1968).  This

motion was filed subsequent to Magistrate Judge Payson's thorough Decision and Order/Report and

Recommendation concerning the several other motions filed by Toole and his co-defendant Everette

Toole.  The Government has responded to Algernon Toole's motion to sever (Dkt. 180).

        The Government does not dispute that the statements it intends to illicit from arresting agents

concerning Everette Toole's statements do implicate Algernon Toole and, therefore, violate

defendant's rights of confrontation as enunciated in *Bruton*.  The Government, though, suggests that

the statement at issue can be redacted in such a way as to obviate any *Bruton* problem.

In many cases, redaction is an appropriate remedy for apparent *Bruton* problems.  Care must be taken, though, to make sure the redaction accomplishes its purpose.  If redaction is not effective, then the Government must elect to either forego using the statement or agree to sever the case.

Because a third superseding indictment has recently been filed and a third defendant added, this case may not be ready for trial in the immediate future.  Therefore, I believe it is appropriate to have the Government provide a very specific redacted statement that its agent will track when he testifies.  Such a written redacted statement would afford defense counsel and the Court an opportunity to determine if in fact redaction will be efficacious in this case.

If defendant and the Government can agree as to a proper redaction, that will resolve the matter.  There is not a little authority on the test for determining redaction, and I trust both sides will review such.  If there is no agreement, the Court will hear argument of counsel no later than the final pretrial conference to resolve this issue.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 2, 2008.