UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                                         DECISION AND ORDER

                                                                                         06-CR-6024L

                              v.

ALGERNON TOOLE, a/k/a "AL"
EVERETTE TOOLE, a/k/a "E",

                                 Defendants.
_____

Defendants Algernon Toole ("sometimes Algernon") and Everette Toole ("sometimes Everette") were indicted on federal drug conspiracy charges.[1] I referred all pretrial proceedings and motions to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b).

Several motions were filed by both defendants, including motions to suppress which required several days of hearings. At the conclusion of those proceedings, Magistrate Judge Payson issued a thorough 49-page Decision and Order/Report and Recommendation concerning the motions that

---

[1] Recently, on April 1, 2008, a third superseding indictment was filed against the Tooles, together with a third defendant, Lawrence Williams. In addition to the drug charges, firearms offenses were added, as well.

had been filed to that point. For the most part, Magistrate Judge Payson denied or recommended denial of defendants' motions.[2]

### I. Motions to Disclose the Government's Confidential Informants and Motions for Severance.

Both defendants moved for disclosure of the confidential informants identity. Clearly such an informant was involved in the transaction involving Everette Toole and apparently the Government intends to call this witness at trial. Magistrate Judge Payson discussed in some detail the applicable law concerning early disclosure of such informants. I agree with Magistrate Judge Payson's analysis.

Generally, such disclosure is not required. *See Roviaro v. United States,* 353 U.S. 53, 59 (1957). Magistrate Judge Payson discussed the necessary showing that need be made, and I agree with her assessment that such a showing has not been made in this case. As Magistrate Judge Payson notes, there has been extensive discovery that sets forth in some detail the evidence against the defendants. Magistrate Judge Payson's decision denying disclosure of the confidential informant is affirmed.

---

[2] Magistrate Judge Payson did recommend that this Court suppress certain statements made by Algernon Toole when he was arrested in Ohio on September 15, 2004. Statements made by Algernon, after he had requested to speak with his attorney, identifying property removed from his vehicle were deemed to be custodial statements which were the product of interrogation. The Government has not filed an objection as that recommendation.

Everette Toole also sought severance. Magistrate Judge Payson denied the motion finding that a joint trial, which is generally preferable in such circumstances, would not cause Everette substantial prejudice. I see no basis to modify that decision and, therefore, her decision is affirmed.[3]

### II.   Suppression Motions of Algernon Toole.

Algernon Toole was stopped in a motor vehicle as he traveled west in a rental car on Interstate 90 near Willoughby Hills, Ohio. Physical evidence was seized, principally a substantial sum of money and Algernon made statements on the highway and later at the local police station.

Magistrate Judge Payson discusses in some detail the circumstances surrounding the traffic stop of Algernon. This summary, consisting of six pages in the Report and Recommendation, describes the decision of Officer Matthew Naegele, Willoughby Hills, Ohio Police Department to stop Algernon's vehicle and later decide to tow the vehicle and search it.

Magistrate Judge Payson discusses the legality of the initial traffic stop, and she credits the officer's version of what occurred. Neither defendant nor his passenger testified at the hearing, so the officer's testimony stands unrebutted. Magistrate Judge Payson describes the fact that the vehicle was a rental car and neither defendant nor his passenger were authorized, by the rental contract, to operate the vehicle. A check with the Budget Rental Agency confirmed that fact.

---

[3] Subsequent to Magistrate Judge Payson's Decision and Order/Report and Recommendation, Algernon filed a Motion for Severance based on *Bruton v. United States,* 391 U.S. 123 (1968). Dkt. #155 was filed February 27, 2008. That motion will be dealt with in a separate decision from this Court.

I concur with the Magistrate Judge's decision that the stop was justified as was the decision to pat frisk Algernon since he was to be placed in the rear of the police vehicle. Seizure of a substantial bundle of money found in Algernon's pocket was justified.

Other sums were also discovered in the trunk of the car. After a canine dog alerted on the vehicle and after receiving information that Algernon's car had previously been involved in a drug trafficking incident, the officers obtained a search warrant. Forty-two thousand dollars ($42,000) was discovered in the trunk during execution of the warrant. Magistrate Judge Payson found no reason to suppress the evidence based on the fact there was a search warrant and also based on the fact, on instructions from the rental car agency, the vehicle was to be towed and would have been searched pursuant to the inventory policies of the Willoughby Hills Police Department.

In sum, I agree with the Magistrate Judge's recommendation that the evidence seized from Algernon and from the motor vehicle was properly seized and, therefore, I deny Algernon's motion to suppress that evidence.

Algernon also seeks to suppress certain statements made by him during the initial traffic stop and later at the police station. Magistrate Judge Payson determined that the statements made by Algernon on the shoulder of the highway during the initial traffic stop were not statements made in custody and, therefore, the failure to give *Miranda* warnings did not bar their admission into evidence. I agree with Magistrate Judge Payson's assessment that, at this point in the proceedings, Algernon was not in custody and, therefore, there is no reason or basis to suppress statements made at that time.

As mentioned previously, Magistrate Judge Payson did determine that statements elicited from Algernon at the police station fall into a different category. Magistrate Judge Payson determined that the objected-to statements were made while Algernon was in custody and they were the product of interrogation. Magistrate Judge Payson, therefore, recommended that Algernon's statements at the police station identifying property belonging to him should be suppressed. The Government has not filed an objection to that determination. I agree with Magistrate Judge Payson's assessment and, therefore, defendant Algernon's motion to suppress these statements is granted.

Algernon also seeks to suppress evidence relating to a confidential informant's identification of him from a photographic array. Magistrate Judge Payson examined the photographs in the array as have I. I agree with Magistrate Judge Payson's determination that neither the identification procedure nor the photographs themselves were suggestive. Magistrate Judge Payson sets out the facts and the law relating to this photographic identification procedure at pp. 35-38, and I agree with her analysis of the facts and the law. Defendant Algernon Toole's motion to suppress the out-of-court photographic identification is denied.

**III.    Everette Toole's Motions to Suppress.**

Evererette Toole was arrested near Lansing, Illinois on February 15, 2006, as he concluded a narcotics transaction. When he was arrested, the agents seized his wallet and a cellular telephone from his person. Magistrate Judge Payson quickly dealt with this part of the motion to suppress. Based on the evidence, there certainly was probable cause to arrest Everette. He had just engaged in a narcotics transaction involving substantial sums of money and a substantial quantity of narcotics.

The search was certainly justified as incident to the valid arrest. *See Chimel v. California,* 395 U.S. 752, 762-63 (1969). Everette's motion, therefore, to suppress the items seized from his person when he was arrested is in all respects denied.

Other items were seized from the Dodge Magnum vehicle driven to the scene by Everette. These items included a bag of money, another cellular telephone, car keys and other material. The Magistrate Judge recommended denial of the motion. She did not rely on the search-incident-to-arrest principle but on both the inevitable discovery doctrine and the automobile exception to the warrant requirement. Based on Magistrate Judge Payson's thorough discussion of the facts and her recitation of the law, I agree that on both counts search of that vehicle was proper and, therefore, there is no basis to suppress the items recovered.

Based on the fact that a significant drug transaction had just occurred and the defendant arrested, the vehicle, still quite mobile, was properly seized. The officers indicated that they intended to seize it and commence forfeiture proceedings. That process entailed searching the car for inventory purposes and certainly the items at issue would have been discovered during that process.

Furthermore, I agree with Magistrate Judge Payson that search of the vehicle is warranted under the well-established automobile exception to the warrant requirement under the Fourth Amendment. The Supreme Court and numerous other courts have justified the search of a motor vehicle based on its mobility and the reduced expectation of privacy inherent in vehicular travel. I believe Magistrate Judge Payson carefully analyzed the facts and relevant law, and I agree with her

conclusion that the search was not improper. Based on the above, therefore, I deny Everette Toole's motion to suppress items recovered from the Dodge Magnum.

Everette also moved to suppress statements that he made after his arrest while detained in the hotel where the transaction took place. The officers testified that they advised Everette of his *Miranda* rights and requested that he consider cooperating with them in the investigation. Based on the evidence relating to the circumstances surrounding the advice-of-rights, which has not been contradicted, I agree with Magistrate Judge Payson that Everette knowingly and voluntarily waived his *Miranda* rights. Based on that, I deny Everette's motion to suppress statements made by him to the agents after his arrest.

**IV.    Miscellaneous Motions of Both Defendants.**

As noted by Magistrate Judge Payson, both defendants moved to dismiss the indictment on several grounds. In addition, the defendants themselves filed several *pro se* motions. Magistrate Judge Payson discusses these motions at pp. 45-48 of her Decision and Order/Report and Recommendation. I see no reason to add anything additional to what she has set forth. I agree that the several motions are without merit and should be, and hereby are, denied.

**CONCLUSION**

I affirm Magistrate Judge Payson's decision in denying disclosure of the confidential informant and denying Everette Toole's motion for severance.

I adopt the Report and Recommendation of Magistrate Judge Payson concerning the several motions to suppress. I deny Everette Toole's motion to suppress statements, and I deny Algernon Toole's motion to suppress statements, except for those statements made identifying his property at the Willoughby Hills, Ohio Police Station, and those statements are suppressed.

Both defendants' motions to suppress physical evidence obtained from their person and from their respective motor vehicles are in all respects denied. Defendants' several motions to dismiss the indictment are also denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 3, 2008.