UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,


                              Plaintiff,

                                                      DECISION AND ORDER

                                                      06-CR-6024L
                                                      13-CV-6144L

              v.

ALGERNON TOOLE,


                              Defendant.

_____


        On March 18, 2013, defendant Algernon Toole (sometimes referenced as "defendant" and

at other times "Algernon")[1] filed, *pro se,* a motion to vacate the judgment and conviction pursuant

to 28 U.S.C. § 2255.  This is Algernon's third attempt to vacate the judgment entered against him

and his brother after a four-week jury trial concluding in the Spring of 2010.  At sentencing on

October 1, 2010, Algernon Toole was sentenced principally to a term of 240 months imprisonment,

well below the range of 292-365 months suggested by the United States Sentencing Guidelines

("Guidelines").

        Algernon and his brother Everette Toole filed direct appeals of their convictions, which were

denied by the Second Circuit, by summary order (Dkt. #380) on December 23, 2011, 453 Fed. Appx.

74.  Thereafter, Algernon and his brother moved before this Court for a new trial based on newly

discovered evidence relative to one of the cooperating witnesses, Brian Leonard, who testified at trial

against them.  This Court denied the motion, 2012 WL 464219, and by summary order entered April

_____

        [1]Algernon's brother Everette Toole also filed a motion pursuant to 28 U.S.C. § 2255 to vacate
his judgment and conviction, which was denied on February 13, 2014.

23, 2013 (Dkt. #396), 526 Fed. Appx. 80, the Second Circuit affirmed this Court's decision denying a new trial.

The only ground alleged in the pending motion to vacate is ineffective assistance of counsel. Algernon supplemented his motion by filing a memorandum of law (Dkt. #400) and the Government has filed a detailed, 65-page answer and memorandum of law in response to Algernon's motion (Dkt. #407).

The motion to vacate is denied. Defendant has failed to establish a constitutional violation based on ineffective assistance of counsel.

## DISCUSSION

Algernon Toole raises a spate of matters which he claims constitute ineffective assistance of counsel. A careful review of the record and the claims made by Toole suggest otherwise. Whether considered separately or together, none of the matters raised by defendant constitute ineffective assistance of counsel.

First, as the Government notes in its answer (Dkt. #407), the evidence against the Tooles was very strong. As the Government notes in describing the evidence in detail, there were several co-conspirators who testified for the Government and described in detail the Tooles' drug activity, including arranging shipments of drugs from Chicago, Illinois to Rochester, New York. There were tape recordings, physical evidence and very damaging testimony from the co-conspirators. On direct appeal, Everette Toole challenged the sufficiency of the evidence, but the Second Circuit rejected the claim, found there was sufficient evidence and recounted much of the evidence presented at trial which formed the basis for the conviction.

The matters raised by Algernon Toole which he claims constituted ineffective assistance of counsel pale when juxtaposed with the substantial evidence presented by the Government at the trial.

To obtain relief under § 2255, Algernon must establish that he was convicted in violation of the Constitution.  The judgment of conviction carries a presumption of correctness and regularity.

Furthermore, the test is stringent when the movant relies on alleged ineffective assistance of counsel.  There is a two-pronged test which was established by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 686-87 (1984).  The moving party must establish both that his counsel's performance fell below an objective standard of reasonableness and, also, that there was some demonstrated prejudice arising from the alleged deficient performance.

There is also a strong presumption that counsel's conduct falls within the wide range of reasonable and professional assistance.  Questions of strategy are not grounds for finding ineffective assistance and the defendant must show that there is a reasonable probability that but for counsel's alleged errors the result of the proceeding would have been different.

In light of the strength of the Government's proof, I concur with the Government that it is difficult to conceive how the result would have been different but for the challenged conduct on the part of defense counsel.  On that basis alone, I would deny the motion under § 2255; defendant Algernon Toole has simply failed to demonstrate prejudice relating to any of the matters that he raises in his *pro se* motion.  In short, Algernon is unable to establish the requisite prejudice required under the Supreme Court's *Strickland* test.

The specific items raised by Algernon are all covered by the Government in its Answer. Many are belied by what actually occurred at trial and none form any basis for relief.  It should also be noted, as the Government points out in its Answer, that there was significant activity and trial work performed by experienced defense counsel.  Numerous motions were filed and counsel engaged in vigorous representation at trial, including lengthy cross-examination of the Government's several witnesses.  Defense counsel was at all times engaged and vigorous in his defense.

Algernon now chides his counsel for failing to present a so-called public authority or duress defense.  There simply was no basis for such a defense as the Government points out in its answer, especially based on the trial testimony of FBI Agent Albert Zenner.  Although Algernon Toole may

have been an informant at one time for the FBI, that relationship had been severed long before Toole engaged in the criminal conduct charged at trial.  There is no basis whatsoever to conclude that Algernon Toole engaged in his significant drug activity at the behest and request of the Government.  Such an assertion is frivolous based on the testimony actually developed at trial.  Furthermore, there is no basis in the record for any legitimate so-called duress defense and counsel cannot be chided for pursuing a non-existent defense.

Algernon also claims that counsel erred in not seeking dismissal based on a speedy trial violation.  This speedy trial claim was raised on direct appeal and the Second Circuit rejected it in its decision affirming the conviction of both of the Tooles.  453 Fed. Appx. at 77.  For several reasons, the Second Circuit found no speedy trial violation.  Many of the exclusions and extensions were entered at the request of the defense to file further motions or engage in other activity.  It was a complex case and defense counsel took advantage of additional time to prepare.  There is no violation under the Constitution for a speedy trial violation and no basis to find ineffective assistance based on counsel's not pressing that issue, which was dealt with, in any event, on appeal.

Algernon makes several general and conclusory references that certain individuals should have been called as witnesses and counsel should have done some type of investigation, which Algernon believes might have been helpful.  There is, however, no basis to suppose the witnesses mentioned would have provided exculpatory evidence or testimony.  Matters of strategy as to whether witnesses should be called are generally left to the sound discretion of experienced trial counsel.

Defendant also claims counsel should have moved for a mistrial relating to a juror who may have been inattentive, and relating to the prosecutor's summation.  Neither claim requires much comment.  The prosecutor's comments were well within the bounds of proper argument, and the matter concerning the juror certainly did not require counsel to move for a mistrial.

Algernon also contends that counsel was ineffective for failing to challenge certain sentencing enhancements recommended by the Probation Department.  Here, once again, Algernon

ignores the record and what actually occurred.  As the Government points out in its Answer (Dkt. #407 at p. 50), defense counsel did in fact file objections as part of his sentencing memorandum (Dkt. #310).  In his Statement With Respect to Sentencing Factors, Algernon's lawyer made numerous and vigorous challenges to some of the matters raised in the Presentence Report.  Counsel objected to the drug quantity attributed to Algernon, to the recommended two-point enhancement for possession of a firearm, and to an enhancement based on his role in the offense. The claims raised by Algernon fly in the face of what actually happened at trial and what Algernon's trial lawyer did in providing him with vigorous representation.   In any event, while this Court at sentencing determined that those adjustments or enhancements were appropriate, Algernon suffered little prejudice from that, because the Court departed substantially from the Sentencing Guidelines and imposed a 240-month sentence rather than a Guideline sentence in the much higher, 292-365 month range.

Next, Algernon questions why his counsel did not object to some of the instructions that were given by the Court.  After careful review, I believe the Government's Answer adequately covers those matters.  None of the matters discussed constituted error but were correct statements of the law and there was no basis for counsel to object to the instructions.

## CONCLUSION

I have considered all the matters raised by Algernon Toole in his original motion and his subsequent submission and find no basis to grant the relief requested.  Defendant Algernon Toole has failed to meet the two-prong test for establishing ineffective assistance of counsel.  He has failed to show deficient performance and failed to show any prejudice.  Therefore, the motion pursuant to 28 U.S.C. § 2255 is in all respects denied.

There is no need for any hearing since the matters can be determined based on the ample record in this case.

I decline to issue a certificate of appealability because defendant has failed to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 19, 2014.